UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Robert Carty, Individually and as Parent and Next Friend of E.C.,

                      Plaintiff,

v.

United Parcel Service, Inc.,

                      Defendant.

Case No. _____

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the Defendant, United Parcel Service, Inc. ("UPS"), hereby gives notice of removal of this action from the Strafford County Superior Court of the State of New Hampshire (the "Superior Court"), wherein it was pending under Case No. 219-2019-CV-00135, to the United States District Court for the District of New Hampshire. In support of this removal, UPS states as follows:

### Introduction and Procedural Requirements

1.    This action concerns injuries allegedly sustained by Plaintiff Robert Carty's ("Plaintiff") minor child, E.C., on or about May 11, 2016, which Plaintiff alleges resulted from UPS's purportedly negligent delivery of a package to Plaintiff's residence. Plaintiff seeks to recover medical expenses and damages for alleged pain and suffering.

2.    Plaintiff filed the Complaint in the Superior Court titled *Robert Carty, individually, and as Parent and Next Friend of [E.C.]*, Case No. 219-2019-CV-00135, against UPS on March 14, 2019. Attached hereto as Exhibit A is the Complaint in the Superior Court

action.  Pursuant to Local Rule 81.1(d), UPS will file with the Court a certified copy of the Superior Court record within fourteen (14) days of the filing of this Notice of Removal.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of when Plaintiff agreed to accept service on March 15, 2019.

4. UPS will give Plaintiff notice of this removal, as required by 28 U.S.C. § 1446(d), by serving Plaintiff, through his counsel of record, with this Notice of Removal and all documents filed in support hereof on the date of the filing of this Notice of Removal.

5. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) and 1446(a) because the Superior Court action was originally pending in Strafford County, New Hampshire, which is within this judicial district.

6. UPS will promptly file a true and correct copy of this Notice of Removal and all documents filed in support hereof with the clerk of the Superior Court and serve them on Plaintiff, as required by 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL

7. This Court has subject matter over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

**I.     Diversity Jurisdiction Exists.**

8. Under 28 U.S.C. § 1332, this Court has original jurisdiction over any civil matter in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

9. As alleged in the Complaint, Plaintiff is a resident of New Hampshire, with a home address in Durham, New Hampshire.

10. UPS is a Delaware corporation with a principal place of business in Atlanta, Georgia.

11. Complete diversity exists between the parties as Plaintiff is a resident of New Hampshire and UPS is a resident of Delaware and Georgia.

12. Plaintiff seeks to recover alleged damages from UPS arising from a claimed significant closed head injury suffered by the minor child E.C. which Plaintiff asserts resulted from UPS's alleged negligence. *See* Complaint at ¶¶ 16, 17, 21, and 22. Pursuant to 28 U.S.C. § 1446(c)(2)(A), because the Complaint does not state the amount in controversy, UPS may do so in this Notice of Removal. Removal is proper when, based upon an amount asserted in the notice of removal, "the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

13. Without conceding the truth of the facts alleged in the Complaint or otherwise asserted by Plaintiff, Plaintiff previously provided UPS, through undersigned counsel, with medical bills claimed to have resulted from the alleged negligence. *See* Exhibit B, Declaration of Attorney Eck in Support of Notice of Removal, at ¶¶ 3-4. The medical bills Plaintiff seeks to recover damages for are in the combined total gross/face amount of $70,300.61. *See id.* at ¶ 4.

14. Given that Plaintiff is seeking damages for pain and suffering allegedly arising from a purportedly "significant closed head injury," as well as at least $70,300.61 in medical expenses, the total amount in controversy should be objectively viewed as in excess of $75,000. *See Oum v. Target Corp.*, No. 18-cv-341, 2018 U.S. Dist. LEXIS 98289, at *4 (D.N.H. June 12, 2018) (claims for pain and suffering, loss of consortium, and permanent injuries objectively viewed as in excess of $75,000 where the plaintiff's special damages were between $17,000 and $19,000); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) ("Objectively

viewed, Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress resulting from her family's allegedly coming down with the disease could be valued at $75,000 or more.").

15. Because the parties are citizens of different states and because the amount in controversy exceeds $75,000, this action may be removed to this Court pursuant to 28 U.S.C. § 1332.

## II. Federal Question Jurisdiction Exists.

16. While Plaintiff's claims have been brought under state law, this case is also removable pursuant to 28 U.S.C. § 1331 because Plaintiff's state law claims are preempted by the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA").

17. The Supreme Court has recognized that the comprehensive scheme established by the FAAAA with respect to the route or service of any motor vehicle carrier engaged in the transportation of property is an area in which Congress intended to provide for complete preemption of state law claims. *See Dan's City Used Cars, Inv. v. Pelkey*, 569 U.S. 251, 260 (2013) ("The FAAAA's preemption clause prohibits enforcement of state laws 'related to a price, route, or service of any motor vehicle carrier . . . with respect to the transportation of property.'").

18. The applicable preemption clause of the FAAAA reads in relevant part as follows:

> [A] State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

19. In order to determine if a claim is completely preempted by the FAAAA, it must be determined whether (1) the claim is predicated on a "law, regulation or other provision having the full force and effect of law," and (2) whether the claim is sufficiently "related to" a motor vehicle's prices, routes, or service to warrant preemption. *See Tobin v. Federal Express Corp.*, 775 F.3d 448, 453 (1st Cir. 2014) (interpreting identical preemption provision of the federal Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) (the "ADA")[1]).

20. UPS is a "motor carrier" for the purposes of the FAAAA. *See* 49 U.S.C. § 13102 (defining a "motor carrier" as "a person providing motor vehicle transportation for compensation."). "Transportation" is defined, for the purposes of the FAAAA, in pertinent part, as "services related to th[e] movement [of property], including arranging for, receipt, <u>delivery</u>, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23)(B) (emphasis added).

21. Plaintiff's claims are founded upon the allegation that "UPS had a duty to use reasonable care when <u>delivering</u> large and heavy packages to place them in such a way to avoid causing foreseeable harm to others." Complaint at ¶¶ 14 and 19 (emphasis added).

22. For these reasons, the District Courts of the United States have original jurisdiction over civil actions under the FAAAA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties. Therefore, this action may also be removed to this Court pursuant to 28 U.S.C. § 1441(a).

---

[1] The Supreme Court has previously looked to the language of the ADA's preemption clause while interpreting the FAAAA. *See Dan's City Used Cars, Inc.*, 569 U.S. at 260 ("[O]ur reading of [49 U.S.C. § 14501(c)(1)] was informed by decisions interpreting the parallel language in the ADA's preemption clause.").

## **Conclusion**

23. For the foregoing reasons, this case is within the jurisdiction of the United States District Court for the District of New Hampshire and it is removable to the United States District Court for the District of New Hampshire.

24. UPS expressly reserves the right to amend and/or supplement this Notice of Removal.

25. If any questions arise with regard to the propriety of the removal of this action, UPS requests the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By its attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Dated: April 2, 2019   By: */s/ Jonathan Eck*
Jonathan M. Eck, Esq. (NHBA No. 17684)
Tavish M. Brown, Esq. (NHBA No. 269521)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
jeck@devinemillimet.com
tbrown@devinemillimet.com

\* \* \* \* \* \* \* \*

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, Esq., hereby certify that the foregoing Notice of Removal was sent via email and first-class U.S. mail, postage prepaid, this day to the following:

Gary M. Burt, Esq.
John D. Prendergast, Esq.
PRIMMER PIPER EGGLESTON & CRAMER, PC
**Counsel for the Plaintiff**
P.O. Box 3600
Manchester, NH 03105
(603) 626-3326
gburt@primmer.com
jprendergast@primmer.com

Dated:  April 2, 2019         By: */s/ Jonathan Eck*
                                   Jonathan M. Eck, Esq. (NHBA No. 17684)
                                   DEVINE, MILLIMET & BRANCH, P.A.
                                   111 Amherst Street
                                   Manchester, NH 03101
                                   (603) 669-1000
                                   jeck@devinemillimet.com