UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ROBERT CARTY, Individually and as Parent and Next Friend of Minor E.C.,

v.

UNITED PARCEL SERVICE, INC.

Civil Case No.: 1:19-cv-00354-JL

# PARTIES' JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Notice of Pretrial Conference, Plaintiff and Defendant submit the following as their jointly proposed Discovery Plan.

**DATE/PLACE OF CONFERENCE:**

Pretrial Conference to be held before Judge Joseph N. Laplante at 3:30 p.m. on May 6, 2019 at the U.S. District Court for the District of New Hampshire.

**COUNSEL PRESENT/REPRESENTING:**

Gary M. Burt, Esq. and John D. Prendergast, Esq., of Primmer Piper Eggleston & Cramer, P.C., for the Plaintiff, Robert Carty, Individually and as Parent & Next Friend of Minor E. C. ("E.C.");

Jonathan M. Eck, Esq., of Devine, Millimet & Branch, P.A., for the Defendant, United Parcel Service, Inc. ("UPS").

## CASE SUMMARY

The Plaintiff brought this action against UPS to recover damages that allegedly arise from bodily injuries Plaintiff alleges his then-seven-year-old child, E.C., suffered when she

attempted to move a box that UPS delivered to their residence located at 10 Denbow Road, Durham, New Hampshire.

**THEORY OF LIABILITY**:

Plaintiff alleges that UPS is liable for E.C.'s alleged personal injuries and alleged related damages on a theory of negligence.

Plaintiff particularly alleges that UPS acted negligently by "precariously leaning a large and heavy package against the 10 Denbow Road residence when it was foreseeable that it might fall upon a child." Mr. Carty also individually has brought a negligence claim against UPS on the same theory, seeking to recover for the medical expenses incurred relative to E.C.'s medical care.

**THEORY OF DEFENSE:**

Among other defenses, UPS asserts that Plaintiff's claims are preempted and barred by the Federal Aviation Authorization Act of 1994 (the "FAAA"), 49 U.S.C. § 14501(c)(1); 49 U.S.C. § 13102. Furthermore, UPS asserts that it had no duty to Plaintiff or E.C. after it delivered the package successfully to the 10 Denbow Road residence. UPS also asserts that, even exercising reasonable care, UPS could not foresee and should not have foreseen that a 7-year-old girl would be unsupervised and would try to move the box that UPS delivered to the 10 Denbow Road residence. UPS further asserts that Plaintiff's claims are barred or reduced due to E.C.'s fault and/or E.C.'s parents' failure to properly supervise E.C.

**DAMAGES:**

The Plaintiff alleges that he is entitled to recover the following damages:

- o Damages for personal injury, including pain and suffering, and medical bills and care expenses; and

- o Pre-judgment and post-judgment interest, and costs.

**DEMAND:**

To be submitted by the Plaintiff on or before September 15, 2019.

**OFFER:**

To be submitted by Defendant on or before October 15, 2019.

**JURISDICTIONAL QUESTIONS:**

None identified to date.

**QUESTIONS OF LAW:**

Whether Plaintiff's claims are preempted and barred by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1); 49 U.S.C. § 13102.

Whether UPS owed the Plaintiff and E.C. a duty relative to events occurring after the successful delivery of the package to the 10 Denbow Road residence.

Whether UPS, even exercising reasonable care, could foresee or should have foreseen that a 7-year-old girl would be unsupervised and would try to move the box that UPS delivered to the 10 Denbow Road residence.

Whether the Defendant's action or inaction amounts to negligence, pursuant to the New Hampshire common law of negligence.

Whether Plaintiff's claims are barred or reduced by comparative negligence, E.C.'s fault, and/or parental fault.

Whether Defendant's asserted defenses set forth in Defendant's Answer reduce or prevent Plaintiff's recovery.

Whether Plaintiff's damages claims are barred in whole or in part due to his and E.C.'s failure to mitigate damages.

Whether any injuries, losses, and/or damages Plaintiff and/or E.C. have incurred are the result of Plaintiff's and/or E.C.'s own acts or omissions, or the acts or omissions of a third party or a defendant other than UPS.

Whether the damages Plaintiff complains of could have been avoided if E.C. and/or her parents did not allow her to attempt to move the subject package or had more closely supervised her (doctrine of avoidable consequences).

Whether any alleged breach of duty of care by UPS was a proximate cause of Plaintiff's and/or E.C.'s injuries.

**TYPE OF TRIAL:**

Jury Trial

## SCHEDULE

**TRACK ASSIGNMENT:**

Standard (12 months approximately from the date of approval of Discovery Plan).

**TRIAL DATE:**

The two week period beginning June 2, 2020

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

June 1, 2019

**AMENDMENT OF PLEADINGS:**

Plaintiff: July 1, 2019

Defendant: August 1, 2019

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: July 1, 2019

Defendant: August 1, 2019

**THIRD PARTY ACTIONS:**

    December 1, 2019

**MOTIONS TO DISMISS:**

    Motions to dismiss:   August 15, 2019

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Plaintiff –      September 1, 2019
    Defendant –      November 15, 2019
    Supplementations under Rule 26(e) –      December 31, 2019

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:**

    February 1, 2020

**MOTIONS FOR SUMMARY JUDGMENT:**

    Motions for Summary Judgment:  February 3, 2020.

**CHALLENGES TO EXPERT TESTIMONY:**

    April 30, 2020

**<u>DISCOVERY</u>**

**DISCOVERY NEEDED:**

    Plaintiff: Plaintiff seeks to conduct discovery on topics including, but not limited to:

1. The diver(s) who delivered the parcel that caused injuries to E.C.;
2. Defendant's procedures and policies regarding the delivery of parcels;
3. Other incidents involving falling parcels that Defendant has delivered that have caused injuries;
4. Defendant's investigation concerning the incident giving rise to this action;

5. Documents in Defendant's possession, custody, or control regarding the parcel at issue and the incident;
6. Statements attributable to Plaintiffs or Plaintiffs' family members; and
7. Defendant's affirmative defenses.

Defendant:  Defendant seeks discovery pertaining to the Plaintiff's claims of liability, including but not limited to issues bearing on alleged comparative fault.  Defendant also seeks discovery on all of the Plaintiff's claims for damages.

As the parties cannot yet reasonably anticipate all needed discovery, the parties reserve the right to request additional discovery not yet contemplated.  Further, in agreeing to this discovery plan, neither party waives their right to object to any specific discovery request.

**MANDATORY DISCLOSURES:**

Plaintiff and Defendant will provide their required Rule 26(a)(1) disclosures by June 21, 2019.

**INTERROGATORIES:**

A maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service, pursuant to Fed. R. Civ. P. 29, unless otherwise agreed to.

**REQUESTS FOR ADMISSIONS:**

A maximum of 30 requests for admission by each party to any other party.  Responses due 30 days after service, pursuant to Fed. R. Civ. P. 29, unless otherwise agreed to.

**DEPOSITIONS:**

A maximum of eight (8) depositions by the Plaintiff and eight (8) depositions by Defendant, unless otherwise agreed or ordered.  Each deposition limited to a maximum of 7 hours, unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES:**

The parties do not envision the need for substantial electronic discovery at this time. If and when information that is stored electronically is requested, including but not limited to e-mails, the parties will produce all non-privileged electronically stored information in printed and/or PDF form. If and when additional issues arise concerning the discovery and production of electronically stored information (including, as one example, any requests for non-privileged electronically stored information in native format), the parties will determine how best to proceed.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/TRIAL PREPARATION MATERIALS:**

The parties agree that the *inadvertent* production of privileged or work product material will not operate as a waiver, and the producing party has a right to recover the material when it discovers the inadvertent disclosure. In the event opposing counsel objects to recovery, it will be decided by court order.

## OTHER ITEMS

**SETTLEMENT POSSIBILITY:**

Cannot be evaluated prior to the Court ruling on Defendant's contemplated dispositive motion(s).

**JOINT STATEMENT RE MEDIATION:**

A joint statement regarding whether mediation will occur and, if so, when shall be filed with the Court on or before November 15, 2019.

**TRIAL ESTIMATE:**

3 days

**PRELIMINARY PRETRIAL CONFERENCE:**

A pretrial conference is currently scheduled for May 6, 2019.

**OTHER MATTERS:**

None at this time.

                          Respectfully submitted,

**Robert Carty, Individually
and As Parent and Next Friend
of Minor Child, E.C.**

By Their Attorneys,
PRIMMER PIPER EGGLESTON
AND CRAMER, P.C.

Date: April 26, 2019    By:   /s/ Gary N. Burt, Esq.
                                           Gary N. Burt, Esq. (NH Bar #5510)
                                           900 Elm Street
                                           Manchester, NH 03101
                                           (603) 626-3326
                                           gburt@primmer.com

                          Respectfully submitted,

**United Parcel Service, Inc.**

By Its Attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated: April 26, 2019    By:   /s/ Jonathan M. Eck
                                            Jonathan M. Eck, Esq. (NH Bar #17684)
                                           111 Amherst Street
                                           Manchester, NH 03101
                                           (603) 695-8742
                                           jeck@devinemillimet.com

## **CERTIFICATION**

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System

Dated: April 26, 2019                      /s/ Jonathan M. Eck
                                             Jonathan M. Eck, Esq. (NH Bar #17684)