**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

ROBERT CARTY, Individually and as Parent
and Next Friend of Minor E.C.,

     v.

UNITED PARCEL SERVICE, INC.

Civil Case No.: 1:19-cv-00354-JL

**JOINT STIPULATED CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

NOW COME the parties, through their Joint Motion for Approval of Stipulated

Confidentiality Agreement and Protective Order filed simultaneously herewith, and hereby state

as follows:

WHEREAS the Plaintiff, Robert Carty, individually and as Parent and Next Friend of

Minor E.C., by and through his attorneys, Primmer Piper Eggleston & Cramer, P.C., and the

Defendant, United Parcel Service, Inc. ("UPS"), by and through its attorneys, Devine, Millimet

& Branch, P.A., (each individually a "Party" and collectively the "Parties"), pursuant to Rule

26.2  of the Local Rules of the United States District Court, District of New Hampshire, hereby

stipulate and agree that the Court may enter this Stipulated Confidentiality Agreement and

Protective Order (the "Protective Order" or "Agreement") to assure and maintain the

confidentiality of certain information that may be disclosed in the above-referenced action (the

"Litigation") and prevent unnecessary disclosure or dissemination of such confidential,

proprietary, commercial, or personal information; and

WHEREAS, the Parties recognize that pursuant to discovery or otherwise during the

course of the Litigation, all Parties and nonparties may be required to disclose confidential or

proprietary commercial or personal information; and

WHEREAS, the unrestricted public disclosure of such confidential or proprietary commercial or personal information could injure unnecessarily the Parties' respective interests, or the interests of persons not parties to this Litigation; therefore, the Parties have determined that this Protective Order is required in order to protect the interests of the Parties while allowing the exchange of information relevant to the Litigation; and

WHEREAS, by agreeing to the entry of this Protective Order the Parties do not waive and expressly reserve their rights to: (a) object to any discovery request; (b) seek any further protective order; and (c) seek relief from the Court in this Litigation from any provision of this Protective Order at any time, pursuant to the terms of paragraph 8 of this Protective Order, or by written stipulation of the Parties.  Further, the Parties do not waive and expressly reserve any right to bring before the Court any questions regarding: (a) whether any particular information is or is not confidential and subject to the terms of this Protective Order; (b) whether any information that has been designated pursuant to the terms of this Protective Order may be used or disclosed other than as permitted herein; (c) whether any further protective order shall be entered; (d) whether any particular information is or is not relevant or admissible in this Litigation; and (e) the proper use of confidential information during trial.

WHEREAS, the Parties hereto specifically reserve their rights to request that the Court establish any needed guidelines for the use of confidential or proprietary information at the time of trial and in any proceedings thereafter, and/or in actions beyond the scope of this Protective Order.

**PROTECTIVE ORDER**

The parties have agreed to the terms of this Protective Order; accordingly, it is

ORDERED:

1.      Scope.  All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials which may be subject to restrictions on disclosure for good cause and information

derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order

concerning confidential information as set forth below.  This Order is subject to the Local Rules

of this District and of the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.      Form and Timing of Designation.  Any Party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that

will not interfere with the legibility of the document and that will permit complete removal of the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of

the production or disclosure of the documents.  The designation CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER does not mean that the document has any status or protection by

statute or otherwise except to the extent and for the purposes of this Order.

3.      Documents Which May be Designated CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER.  Any Party may designate documents as CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or

a party appearing pro se who has in good faith determined that the documents contain

information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4.     <u>Depositions</u>. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until thirty (30) days after delivery of the transcript by the court reporter.  Within thirty (30) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

5.     <u>Protection of Confidential Material</u>.

a.     <u>General Protections</u>.  Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5.b. for any

purpose whatsoever other than to prepare for and to conduct discovery, hearings, and trial in this action, including any appeal thereof.

      b.    <u>Limited Third-Party Disclosures</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-6.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

      1.    <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

      2.    <u>Parties</u>.  Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

      3.    <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

      4.    <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

      5.    <u>Consultants and Experts</u>.  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only

after such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

      6.    <u>Others by Consent</u>.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

      c.    <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

      d.    <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

      6.    <u>Filing CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents with the Court</u>.

a.    <u>Filing Party's Confidential Documents</u>.  In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Protective Order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with Local Rule ("LR") 83.12 and Appendix A Supplemental Rules for Electronic Case Filing ("AP") 3.3 for filing the confidential document under seal.

b.    <u>Non-Filing Party's Confidential Documents</u>.  In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.  If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the court.  The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material.  The party seeking to maintain the confidential status shall file a motion to seal in accordance with LR 83.12(c) and AP 3.3 within three (3) business days of the filing.  Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

7.     <u>No Greater Protection of Specific Documents</u>.  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8.     <u>Challenges by a Party to Designation as Confidential</u>.  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party").  The following procedure shall apply to any such challenge.

a.     <u>Objection to Confidentiality</u>.  Within 30 days of the receipt of any document designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement, or order of the Court.

b.     <u>Obligation to Meet and Confer</u>.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c.      <u>Obligation to File Motion</u>.  If the parties cannot reach agreement as to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.  The moving party has the burden to show good cause for the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

9.      <u>Court Not Bound By Parties' Designation</u>.  Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10.     <u>Use of Confidential Documents or Information at Hearing or Trial</u>.  A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11.     <u>Obligations on Conclusion of Litigation</u>.

a.      <u>Order Remains in Effect</u>.  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal.  Actions to enforce the terms of the

Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

      b.    <u>Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents</u>.  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

      c.    <u>Deletion of Documents Filed Under Seal from ECF System</u>.  Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

12.     <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

13.     <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c)  of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

14.     <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.


So Ordered,


_____

**Attachment A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

ROBERT CARTY, Individually and as Parent
and Next Friend of Minor E.C.,

      v.

UNITED PARCEL SERVICE, INC.

         Civil Case No.: 1:19-cv-00354-JL

## <u>ACKNOWLEDGMENT AND</u>
## <u>AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Joint Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order") dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of New Hampshire in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.  The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court or for other relief under the protective order agreement.

Dated: _____        Signed:_____

                                         Printed Name:_____