UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ROBERT CARTY, Individually and as Parent and Next Friend of Minor E.C.,

v.

UNITED PARCEL SERVICE, INC.

Civil Case No.: 1:19-cv-00354-JL

### AMENDED ANSWER TO COMPLAINT
### AND STATEMENT OF AFFIRMATIVE DEFENSES

NOW COMES the Defendant, United Parcel Service, Inc. ("UPS"), by and through its attorneys, Orr & Reno, Professional Association, and submits the following Amended Answer to Complaint and Statement of Affirmative Defenses, responding to each of the numbered paragraphs in the Plaintiff's Complaint as follows:

### JURY TRIAL REQUEST

1. UPS joins Plaintiff's request for a jury trial.

### PARTIES

2. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

3. Admitted.

### JURISDICTION AND VENUE

4. The allegations in paragraph 4 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 5 are admitted. UPS

further responds by indicating that venue is proper before the United States District Court for the District of New Hampshire.

## **FACTS**

6. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

7. UPS admits that on May 11, 2016, it delivered a package to 10 Denbow Road, Durham, New Hampshire, but UPS is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 7, and therefore they are denied.

8. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.  By way of further response, UPS denies that there were any circumstances that should have alerted the driver to any danger in leaving the package leaning against the residence, if it was indeed left leaning against the residence.

9. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.  By way of further response, UPS denies that there were any circumstances that should have alerted the driver to any danger in leaving the package leaning against the residence, if it was indeed left leaning against the residence.

10. UPS admits that E.C. was not present when UPS made its delivery.  UPS is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 10 and therefore they are denied.

11. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

12. UPS is without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

### COUNT I – NEGLIGENCE – ROBERT CARTY
### AS PARENT AND NEXT FRIEND OF E.C.

13. UPS's responses and answers in paragraph 1-12 above are incorporated herein as if set forth in full.

14. The allegations in paragraph 14 assert a purported statement of law to which no response is required.  To the extent a response is required, the allegations in paragraph 14 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty as alleged by the Plaintiff.

15. The allegations in paragraph 15 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in paragraph 15 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty and that the alleged circumstances were foreseeable, as alleged by the Plaintiff.

16. The allegations in paragraph 16 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in paragraph 16 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty as alleged by the Plaintiff and Plaintiff's foreseeability and causation allegations.

17. There are no allegations in paragraph 17 to which a response is required by UPS. UPS denies that Plaintiff is entitled to any of the relief he seeks as set forth in paragraph 17.

### COUNT II – NEGLIGENCE – ROBERT CARTY INDIVIDUALLY

18. UPS's responses and answers in paragraph 1-17 above are incorporated herein as if set forth in full.

19.     The allegations in paragraph 19 assert a purported statement of law to which no response is required.  To the extent a response is required, the allegations in paragraph 19 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty as alleged by the Plaintiff.

20.     The allegations in paragraph 20 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in paragraph 20 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty and that the alleged circumstances were foreseeable, as alleged by the Plaintiff.

21.     The allegations in paragraph 21 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in paragraph 21 are denied.  By way of further answer, UPS expressly rejects the Plaintiff's assumption in this paragraph that UPS had a duty as alleged by the Plaintiff and Plaintiff's foreseeability and causation allegations.

22.     There are no allegations in paragraph 22 to which a response is required by UPS. UPS denies that Plaintiff is entitled to any of the relief he seeks as set forth in Paragraph 22.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint generally fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are preempted and barred by the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA").  49 U.S.C. § 14501(c)(1); 49 U.S.C. § 13102.

3. Plaintiff's claims are preempted and barred by the Carmack Amendment to the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14706 *et seq.*; *id.* § 14706(a)(1).

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted because it fails to allege a duty actually owed by Defendant.

5. Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff's allegations fail to allege that E.C.'s accident was foreseeable to Defendant or its agents.

6. Plaintiff's claims are barred or reduced by comparative negligence and E.C.'s fault.

7. Any injuries, losses, and/or damages Plaintiff and/or E.C. have/has incurred are the result of Plaintiff's and/or E.C.'s own acts or omissions, or the acts or omissions of a third party (namely, Plaintiff's wife) outside defendant's control and for whom defendant was not legally responsible.

8. The damages Plaintiff complains of could have been avoided if E.C. and/or her parents did not allow her to attempt to move the subject package or had more closely supervised her (doctrine of avoidable consequences).

9. Plaintiff's damages claims are barred in whole or in part due to his and E.C.'s failure to mitigate damages.

10. UPS reserves the right to amend these affirmative defenses if further defenses become known during discovery.

## JURY DEMAND

The Defendant, United Parcel Service, Inc., demands a jury trial on all issues so triable.

WHEREFORE, the Defendant, United Parcel Service, Inc., respectfully requests that this Honorable Court:

A. Dismiss the Complaint;

B. Deny judgment on the Complaint; and

C. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

United Parcel Service, Inc.

By Its Attorneys,

ORR & RENO, P.A.

Dated:  July 26, 2019      By:   /s/ Jonathan M. Eck
                                 Jonathan M. Eck, Esq. (NH Bar #17684)
                                 45 South Main Street, P.O. Box 3550
                                 Concord, NH  03302
                                 (603) 223-9100
                                 jeck@orr-reno.com

CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.

Dated:  July 26, 2019            /s/ Jonathan M. Eck
                                 Jonathan M. Eck, Esq. (NH Bar #17684)