UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ROBERT CARTY, Individually as Parent
and Next Friend of Minor E.C.,

v.

UNITED PARCEL SERVICE, INC.

Civil Case No.: 1:19-cv-00354-JL

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES the Defendant, United Parcel Service, Inc. ("UPS"), by and through its counsel, Orr & Reno, Professional Association, and pursuant to Federal Rule of Civil Procedure 12(c), hereby moves for entry of judgment on the pleadings and dismissal, with prejudice, of Plaintiff's claims. In support of this motion, UPS states as follows:

1. Plaintiff is the father and next friend of a minor child, E.C. In his Complaint, Plaintiff alleges that on May 11, 2016, UPS delivered a "large and heavy" package to Plaintiff's home in Durham, New Hampshire (the "House"). Plaintiff alleges the package contained a piece of unassembled furniture (the "Package"). Plaintiff Complaint states that the UPS driver who delivered the Package left it leaning upright against a wall directly beside the door at the House's front entrance. Later that day, E.C., then age seven, along with her sister and their mother, returned to the House/their home.

2. Plaintiff's Complaint is bereft of any allegation that a small and young minor child's presence upon the premises, at any point in time, but particularly after the delivery was completed and the UPS driver left the premises, was or should have been at all foreseeable to the UPS delivery driver at the time of delivery. Through events not described in the Complaint, Plaintiff alleges the Package fell on E.C. and that she suffered injuries.

1

3. Plaintiff filed two negligence claims against UPS—one (on E.C.'s behalf) addressing the physical and emotional injuries E.C. allegedly sustained, and the other (on Plaintiff's own behalf) addressing the expenses he alleges he incurred relative to E.C.'s medical treatment. Plaintiff's deadline to amend his pleadings expired on July 1, 2019. *See* Discovery Plan (Doc. No. 8) at 4; *see also* Court Order on Discovery Plan (Doc. No. 10) (approving the Discovery Plan (Doc. No. 8) as submitted, without any change relative to the deadlines to amend the pleadings).

4. Through his claims, Plaintiff asks the Court to trespass upon a space expressly reserved for federal regulation. As established by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and case law interpreting the same, the federal government, alone, holds the authority to set the rules, regulations, and laws by which common carriers are bound. Congress contemplated preemption of state laws related to common carriers in an effort to assure efficiency and low prices in the shipment of commercial goods. Countenancing Plaintiff's claims in this matter would not only fly in the face of federal law calling for such preemption, but could moreover cause significant financial consequences for UPS and its customers if UPS were forced to change its delivery policies and procedures to prohibit driver-release for packages over a certain weight or certain dimensions as a result of any standards set forth by this Court and a potential patchwork of state service-determining laws, rules, and regulations in spite of Congress's mandate.

5. Furthermore, and in the alternative, UPS is entitled to judgment on Plaintiff's pleadings because Plaintiff's Complaint fails to state a claim against UPS that alleges sufficient foreseeability (and thus establishes a duty to anticipate the events that occurred) to support

Plaintiff's two negligence claims.  Thus, Plaintiff's Complaint should also be dismissed on those independent grounds.

6. In support of this motion, UPS relies on the accompanying Defendant's Memorandum of Law in Support of Its Motion for Judgment on the Pleadings, which is filed contemporaneously herewith.

WHEREFORE, the Defendant, United Parcel Service, Inc., respectfully requests that this Honorable Court:

A. Grant UPS's Motion for Judgment on the Pleadings and dismiss, with prejudice, Plaintiff's claims against UPS; and

B. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

**United Parcel Service, Inc.**

By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION

Dated:  August 14, 2019         By:        */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

**CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.

Dated:  August 14, 2019                  */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)

3