Case 1:19-cv-00354-JL   Document 16-2   Filed 08/22/19   Page 1 of 4

Owens v. Anthony, Not Reported in F.Supp.2d (2011)
Fed. Carr. Cas. P 84,709

2011 WL 6056409
United States District Court, M.D. Tennessee, Northeastern Division,
at Cookeville.

Danny Wayne OWENS, et al.

v.

William A. ANTHONY, et al.

No. 2–11–0033.
|
Dec. 6, 2011.

**Attorneys and Law Firms**

B. Keith Williams, James R. Stocks, Lannom & Williams, Lebanon, TN, for Danny Wayne Owens, et al.

R. Dale Bay, Mary Beth Haltom, Lewis, King, Krieg & Waldrop, P.C., James A. Beakes, III, Kenneth M. Bryant, Miller & Martin, P.L.L.C., Nashville, TN, for William A. Anthony, et al.

MEMORANDUM

TODD J. CAMPBELL, District Judge.

*1 Pending before the Court is Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss (Docket No. 37). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This case arises from a motor vehicle wreck in which a tractor-trailer driven by Defendant Anthony crashed into a vehicle driven by Zachary Owens, causing severe personal injuries to Mr. Owens. Plaintiffs, Co–Conservators of Zachary Owens, contend that the negligence of all four Defendants was the proximate cause of the serious and painful personal injuries to their son. Docket No. 33 (Amended Complaint).

Defendant C.H. Robinson Worldwide, Inc. ("Robinson") has moved to dismiss Plaintiffs' claims against it, arguing that Plaintiffs' common law negligence claims are preempted by operation of the Federal Aviation Administration Authorization Act ("FAAAA") and Plaintiffs' statutory negligence claims must be dismissed because there is no private right of action for the violations Plaintiffs assert. Docket Nos. 37–38.

Plaintiffs allege that Robinson was engaged in a joint venture[1] with Defendants Fleet Global and G.P. Express for the purpose of commercially transporting freight in interstate commerce at the time the tractor trailer, driven by Defendant Anthony and owned by Defendant Fleet Global and/or G.P. Express, crashed into Zachary Owens' vehicle. Docket No. 33. Plaintiffs also allege that Robinson was, at all relevant times, an agent, employer and/or statutory employer of the other Defendants and is, therefore, vicariously liable for the negligence of the other Defendants. *Id.* Plaintiffs contend that Robinson, through vicarious liability, joint venture imputed liability and/or agency liability, is responsible for Zachary Owens' injuries. *Id.*

In addition, Plaintiffs allege that Robinson is guilty of its own negligence in failing reasonably to investigate the driver and transportation companies involved; failing reasonably to monitor the driver and transportation companies involved; failing

reasonably to hire, train and retain the driver and transportation companies involved; failing reasonably to ensure that the transportation companies involved had the necessary experience, training and knowledge; allowing or encouraging the carriers and driver to operate the vehicle in a tired and impaired state; and failing reasonably to require or maintain safe tractor trailers. Docket No. 33—Seventh Cause of Action. Finally, Plaintiffs contend that Robinson is guilty of statutory negligence or negligence *per se* through its alleged violations of specific Motor Carrier Regulations. Docket No. 33—Eighth Cause of Action.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the Amended Complaint as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock,* 592 F.3d 718, 722 (6th Cir.2010).

## PREEMPTION

**\*2** The question of whether a certain state action is preempted by federal law is one of congressional intent. *Federal Express Corp. v. United States Postal Service,* 55 F.Supp.2d 813, 816 (W.D.Tenn.1999); [2] *Dilts v. Penske Logistics LLC,* ––– F.Supp.2d ––––, 2011 WL 4975520 at \*5 (S.D.Cal. Oct.19, 2011). [3] Where federal law is said to bar state action in fields of traditional state regulation, it is assumed that the historic police powers of the states are not to be superseded by the federal act unless that was the clear and manifest purpose of Congress. *Federal Express,* 55 F.Supp.2d at 816; *City of Columbus v. Ours Garage and Wrecker Service, Inc.,* 536 U.S. 424, 122 S.Ct. 2226, 2232, 153 L.Ed.2d 430 (2002).

The FAAAA, which sought to preempt state trucking regulation,[4] provides that a state may not enact or enforce a law or regulation related to a price, route or service of any motor carrier with respect to the transportation of property. 49 U.S.C. § 14501(c)(1); *Rowe v. New Hampshire Motor Transport Ass'n,* 552 U.S. 364, 128 S.Ct. 989, 993, 169 L.Ed.2d 933 (2008).

In line with this statute, the Supreme Court has held that state enforcement actions having "a connection with or reference to" carrier rates, routes or services are preempted. *Rowe,* 128 S.Ct. at 995. Such preemption may occur even if a state law's effect on rates, routes or services is only indirect. *Id.* Nonetheless, federal law may not preempt state laws that affect rates in only a tenuous, remote or peripheral manner. *Id.* (citing *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)).[5] Courts have found that Congress' "related to" language has a broad scope. *Federal Express,* 55 F.Supp.2d at 816. Section 14501(c)(1) requires the Court to determine whether the provision, directly or indirectly, binds the carrier to a particular price, route or service and thereby interferes with competitive market forces within the industry. *Dilts* at \* 7.

Although Congress generally preempted state regulation of motor carriers, it simultaneously carved out an exception to the rule with regard to the states' safety regulatory authority by expressly stating that the provisions of § 14501(c)(1) "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2). To determine whether this exception applies, courts must decide whether the provision at issue is intended to be, and is, genuinely responsive to motor vehicle safety. *Dilts* at \* 12 (citing *American Trucking Ass'n v. City of Los Angeles,* 559 F.3d 1046,1054 (9th Cir.2009)).

Case 1:19-cv-00354-JL   Document 16-2   Filed 08/22/19   Page 3 of 4

Owens v. Anthony, Not Reported in F.Supp.2d (2011)
Fed. Carr. Cas. P 84,709

Here, the Court must determine whether Plaintiffs' common law negligence claims are "related to" (that is, have a connection with) a price, route or service of Robinson with respect to the transportation of property. Even if Plaintiffs' claims have such a connection, the Court must determine whether such claims are "saved" under the safety regulatory authority exception. In other words, the Court must decide whether personal injury negligence claims are preempted by the FAAAA under these circumstances.

 **\*3**  Robinson contends that Plaintiffs' claims against it rest on the manner in which it conducts its business as a broker and are related to its "services." Robinson argues that even though personal injury claims against *motor carriers* may not be preempted, it is a broker, not a motor carrier.

Plaintiffs claim that this is a personal injury lawsuit and their negligence claims are related to highway safety, not Defendant's services. Plaintiffs argue that the cases upon which Defendant relies are not persuasive because they are not personal injury cases. Plaintiffs maintain that this is a case about the negligence of the persons and corporations involved in and responsible for the unsafe operation of the truck that struck and severely injured Zachary Owens. Plaintiffs also aver that safety issues are historically within the states' police powers and are presumed not to be preempted. In addition, Plaintiffs point out that the FAAAA specifically reserves regulation of safety issues for the states pursuant to 49 U.S.C. § 14501(c)(2).

The Court agrees with the numerous courts which have found that personal injury negligence claims are not preempted by the FAAAA. For example, in *Jimenez–Ruiz v. Spirit Airlines, Inc.,* ––– F.Supp.2d ––––, 2011 WL 2460873 (D.Puerto Rico June 16, 2011), the court held that personal injury claims based on a state's general negligence law are not preempted by the ADA. [6] In summarizing various Circuit Court decisions, the *Jimenez–Ruiz* court noted that where a plaintiff invokes traditional elements of tort law, the courts almost uniformly have resolved against federal preemption. *Id.* at \* 4 (collecting cases).

Moreover, in *Seals v. Delta Air Lines, Inc.,* 924 F.Supp. 854 (E.D.Tenn.1996), the court stated that it could reach but one conclusion, that the Supreme Court does not interpret the ADA preemption clause (which has been held to involve identical analysis to the FAAAA preemption clause) to extend to personal injury suits against the carriers. *Id.* at 859 (citing *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995)). And in *Margolis v. United Airlines, Inc.,* 811 F.Supp. 318 (E.D.Mich.1993), the court also held that personal injury negligence claims were not preempted by the ADA: "Congress has expressed no intent to preempt traditional state law claims for negligence in the ADA amendments to the Federal Aviation Act." *Id.* at 323.

Similarly, in *Cartegena v. Continental Airlines, Inc.,* 10 F.Supp.2d 677 (S.D.Tex.1997), the court found that the FAAAA did not preempt the plaintiff's state law claims against the airline for personal injuries sustained during a flight, holding that the passenger's claims related to operation of the airline's aircraft, not to the routes or services of the defendant. *Id.* at 680; *see also Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 336 (5th Cir.1995) (federal preemption of state laws by the FAAAA does not displace state tort actions for personal physical injuries or property damages caused by the operation and maintenance of aircraft); *In re Air Disaster,* 819 F.Supp. 1352 (E.D.Mich.1993) (negligence claims not preempted); *O'Hern v. Delta Airlines, Inc.,* 838 F.Supp. 1264, 1267–68 (N.D.Ill.1993) (negligence claim not preempted).

 **\*4**  Plaintiffs allege that Defendant Robinson was negligent in investigating, choosing, training, monitoring and retaining this driver and these two transportation companies. These claims involve highway safety issues. In addition, Plaintiffs have alleged that Defendant Robinson was a joint venturer with, agent and employer of the other Defendants which are motor carriers. Accepting the allegations of the Amended Complaint as true, the Court finds that the negligence issues presented here involve highway safety which has been expressly exempted from the preemption statute.

For these reasons, Defendant's Motion to Dismiss the Seventh Cause of Action is denied.

Case 1:19-cv-00354-JL Document 16-2 Filed 08/22/19 Page 4 of 4

Owens v. Anthony, Not Reported in F.Supp.2d (2011)
Fed. Carr. Cas. P 84,709

NEGLIGENCE *PER SE*

Plaintiffs have alleged that Defendant Robinson is guilty of negligence *per se* in that it acted or failed to act in violation of certain Motor Carrier Regulations. Defendant has moved to dismiss these claims, arguing that there is no private right of action for the violations Plaintiffs assert.

The Court reads Plaintiffs' Amended Complaint as setting forth a claim for negligence based upon the violation of certain regulations, not as setting forth a claim for violation of those regulations. The doctrine of negligence *per se* permits a plaintiff to satisfy the breach element of a negligence action by substituting the violation of a statutorily imposed duty for the reasonable person standard. *Brown v. City of Memphis,* 440 F.Supp.2d 868, 875 (W.D.Tenn.2006).

To the extent Plaintiffs ask the Court to recognize a private right of action for violation of the Motor Carrier Regulations, the Court declines to do so. To the extent Plaintiffs' Eighth Cause of Action states a claim for negligence based upon the violation of those regulations, Defendant's Motion to Dismiss is denied.

CONCLUSION

For these reasons, Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss (Docket No. 37) is denied.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 6056409, Fed. Carr. Cas. P 84,709

Footnotes

1   Plaintiffs assert that Robinson, as a broker of interstate motor carriers, arranged the place, date and times of pickup and delivery, received the pickup and delivery addresses, communicated specific limitations and directions regarding the loading and unloading of the cargo, and provided the directions for the transport of the load to the other Defendants. Docket No. 33.

2   *Federal Express* involved a Tennessee Consumer Protection Act claim concerning false and deceptive advertising. It was not a personal injury case.

3   In *Dilts,* the court found that the imposition of substantive standards upon the motor carrier's routes and services implicated preemption by the FAAAA. *Dilts* at * 9. *Dilts* was not a personal injury case.

4   The Act replaced the then-existing patchwork of intrastate trucking laws with a uniform federal standard. The statutory language was borrowed from the Airline Deregulation Act ("ADA") and has been interpreted consistently by the Supreme Court in both settings. *Rowe,* 128 S.Ct. at 994. Congress intended for the preemption provisions of the FAAAA to be applied in an identical manner as the preemption provision of the ADA. *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.,* 972 F.Supp. 665, 668 (N.D.Ga.1997).

5   In *Rowe,* the Court found that the Maine laws at issue, which regulated the delivery of tobacco to customers within the state, were preempted by federal law. *Rowe* was not a personal injury case. In *Morales,* the Court found that a claim of deceptive airline-fare advertising under a state consumer fraud statute was preempted by federal law. *Morales* was not a personal injury case.

6   As noted above, Congress intended for the preemption provisions of the FAAAA to be applied in an identical manner as the preemption provision of the ADA. *Deerskin Trading Post,* 972 F.Supp. at 668.

---

**End of Document**   © 2019 Thomson Reuters. No claim to original U.S. Government Works.